**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

SHERMAN CRAWFORD,                                                          PLAINTIFF
ADC #156487

v.                                          4:13CV00653-BSM-JTK

ASHLEY COUNTY DETENTION
CENTER, et al.                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must be received in

the office of the United States District Court Clerk no later than fourteen (14) days from the

date of the findings and recommendations.  The copy will be furnished to the opposing party.

Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

1

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     Introduction

Plaintiff Sherman Crawford is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement and denial of adequate medical care while he was incarcerated at the Ashley County Detention Center (Jail) in October and November, 2013. Plaintiff asks for monetary relief from Defendants, Jail Administrator Levette Whitfield, Sheriff David Johnson, Major Guy Hughs, Captain Johnny Oliver, and Sgt. Woods.

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 42), to which Plaintiff filed a Response (Doc. No. 45). Pursuant to the Court's September 8, 2014 Order (Doc. Nos. 48), the parties have supplemented their filings (Doc.

Nos. 50, 51, 53),

## II.      Amended Complaint

According to his second Amended Complaint, Defendant Woods placed Plaintiff into a cell with raw sewage in the toilet on October 29, 2013, and when Plaintiff complained, stated, "jail is not for my comfort."  (Doc. No. 11, p. 6.)  Plaintiff reported the problem to Defendant Whitfield the next day, and she responded, "what do you want me to do?"  (Id.) Sheriff Johnson did not respond to Plaintiff's grievances, and did not conduct a walk-through of the facility, and Defendants Oliver and Hughs neglected their duties by not responding to Plaintiff's grievances.  (Id.)  Plaintiff was forced to live with no flushing toilet with raw sewage and a plastic bag over the toilet seat, and was forced to urinate in the sink.  (Id.) Finally, Defendant Woods "almost gave Plaintiff the wrong" medications.  (Id.)

## III.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the

pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.   Official Capacity

Defendants first ask the Court to dismiss Plaintiff's Complaint because he sued them in their official capacities and did not allege that the violations were the result of an unconstitutional policy or custom of Ashley County.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985), and Turney v. Waterbury, 375 F.3d 756 (8th Cir. 2004).  However, in his Response, Plaintiff states that "my complaint is true, and that my complaint it suppose to be filed against Defendants in they (sic) indivdually (sic) and in their offical (sic) capacities." (Doc. No. 45.)   In light of such, the Court will construe Plaintiff's second Amended Complaint as filed against Defendants in both their individual and official capacities.

### B.   Qualified Immunity

Next, Defendants state they are protected from liability by qualified immunity. Plaintiff's allegations that Defendants Johnson, Hughs, and Oliver neglected to perform their duties, and that Defendant Woods "almost" gave him the wrong medication, do not state a Constitutional claim.  In addition, Defendants state Plaintiff's allegations against Defendants Johnson, Hughs, and Oliver are based on their supervisory positions, and Plaintiff does not allege specific facts of personal involvement by them.  Furthermore, Plaintiff's allegations

that they failed to respond to or investigate his grievances do not state a Constitutional claim for relief.  And, according to Defendants, his allegations that he spent fifteen days in a cell with a toilet he could not flush, but which was flushed from the outside by the guards, do not constitute a deprivation of the minimal civilized measure of life's necessities, so as to violate the Eighth Amendment.

In Response, Plaintiff states that his complaint is true, that the toilet did not flush from the inside of the cell, and that both Defendants Woods and Whitfield were aware of the condition.  Defendants showed deliberate indifference by keeping him in the cell for sixteen days, and flushed the cell from the outside only five times during that time.  (Doc. No. 45, p. 2.)

In Defendants' supplemental filing, Whitfield states by affidavit that she did not know of any need for Plaintiff to be moved, was under the impression that the toilet in Plaintiff's cell was "leaking," and was not aware that he could not flush it until he filed a grievance on November 13, 2013 (Doc. No. 51-1, p.2.)  Plaintiff was placed in that cell because he asked not to be placed in general population, and that particular cell was the only one available at the time.  (Id., p. 1.)  In addition, while the toilet was functioning, the water had to be turned on from the outside of the cell by an officer before the inmate inside the cell could flush it. (Id., p. 2.)  Whitfield states she never received any verbal requests from Plaintiff to flush his toilet and that jailers were in his cell area several times per shift and could have been asked to turn the water on in his cell.  (Id.)

Plaintiff admits he asked to be placed in administrative segregation, but states that he

could have been moved sooner because other cells became available.  (Doc. No. 53.)  Also, he asks that if the toilet was only leaking, why was it not fixed sooner?  (Id.)  He claims he submitted several grievances, to which he received no responses, and that both Defendants Woods and Whitfield knew about the toilet problem in his cell.  (Id.)

Qualified immunity protects officials who act in an objectively reasonable manner, and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

answer both questions in the affirmative.  <u>Nelson v. Correctional Medical Services</u>, 583 F.3d 522, 528 (8th Cir. 2009).

Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  In order to support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions.  <u>Choate v. Lockhart</u>, 7 F.3d 1370, 1373 (8th Cir. 1993).[2]  The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner."  <u>Revels v. Vincenz</u>, 382 F.3d 870, 875 (8th Cir. 2004), quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 342 (1981) and <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1977).  "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...."  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-9, quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  Furthermore, "discomfort compelled by conditions of

---

[2]In his second Amended Complaint, Plaintiff states he was awaiting trial on pending criminal charges during his time at the jail. (Doc. No. 11, p. 5.)  As a pretrial detainee, therefore, his claims should be analyzed under the Fourteenth Amendment's Due Process Clause.  <u>Owens v. Scott County Jail</u>, 328 F.3d 1026, 1027 (8th Cir. 2003).  However, because pretrial detainees should receive the same protection as that afforded to convicted prisoners under the Eighth Amendment, courts apply the same deliberate indifference standard as applied to conditions of confinement claims made by convicted inmates.  <u>See</u> <u>Whitnack v. Douglas County</u>, 16 F.3d 954, 957 (8th Cir. 1994).

confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984), quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983).

In addition, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.  See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).  A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d at 1376.

### 1.     Respondeat superior; failure to respond to grievances

Plaintiff alleges that he wrote grievances to Johnson, Hughs, and Oliver, informing them of the cell conditions.  Although their failure to respond to the grievances is not in and of itself a Constitutional violation,[3] the Court finds that Plaintiff's allegation sufficiently alleges knowledge of his circumstances by these individuals; therefore, his allegations against them should not be dismissed solely on the basis of respondeat superior.

### 2.     Medication

Plaintiff's allegation that Defendant Woods "almost" gave him the wrong medication,

---

[3]A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982).   In addition, "plaintiff does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265 *3 (W.D.Mo. 2009).

states at the most a claim of negligence, which does not rise to the level of a Constitutional

violation.  See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

### 3. Cell Conditions

Based on the Eighth Amendment law cited above, the Court initially finds that

Plaintiff states an Eighth Amendment claim for relief against Defendants.  He alleged that

he spent fifteen-sixteen days in a cell where the toilet would not flush from the inside, that

the cells smelled from sewage, that he was forced to urinate in the sink, and that all

Defendants had knowledge of the conditions.  The Court must next determine whether the

law was so clearly established that a reasonable official would have known that his or her

actions were unlawful.  Pearson v. Callahan, 555 U.S. at 232.  "Whether the controlling legal

principle has been clearly established is not to be determined at the most general level of

legal abstraction, but by consideration of whether a reasonable official would have known

the conduct in question was unlawful in light of information available at the time." Gorman

v. Bartch, 152 F.3d 907, 914 (8th Cir. 1998). "The contours of the right must be sufficiently

clear that a reasonable official would understand that what he is doing violates that right."

Anderson v. Creighton, 483 U.S. 635, 640 (1987).  The "salient question" is "whether the

state of the law at the time gave the officials 'fair warning' their conduct was unlawful."

Sisney v. Reisch, 674 F.3d 839, 845 (8th Cir. 2012), quoting Hope v. Pelzer, 536 U.S. 730,

741 (2002).

In Smith v. Copeland, the Eighth Circuit Court of Appeals held that four days in a cell

with an overflowed toilet did not rise to "a level of constitutional significance."  87 F.3d 265,

268 (1996).  Noting that "not every overflowed toilet in a prison amounts to a constitutional violation," the Court further stated that "the length of time a prisoner is subjected to harsh conditions is a critical factor in our analysis," and "[c]onditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months."  Id., 87 F.3d at 268-9.  In White v. Nix, an inmate's eleven-day confinement in a cell with a mixture of dried human fecal matter did not constitute an Eighth Amendment violation.  7 F.3d 120, 121 (8th Cir. 1993).  Furthermore, in Cody v. Newborn, the Court held that a toilet which did not flush for several days at a time did not support a finding of an unconstitutional condition of confinement.  2012 WL 1078601 *9 (W.D.Ark. 2012).  In addition, the Eighth Circuit found no constitutional violation where a pretrial detainee was forced to sleep on the floor next to the toilet for six nights, where urine was sprinkled on him.  Goldman v. Forbus, 17 Fed.App. 487, 488 (8th Cir. 2001) (unpublished per curiam).

In this particular case, Plaintiff alleged that he spent fifteen-sixteen days in a cell where he could not flush the toilet, and he admits that jailers flushed the toilet from the outside on five occasions during that time period. (Doc. No. 45, p. 2.) In addition, he admits in his Amended Complaint that a plastic bag was placed over the toilet seat to mask the smell. (Doc. No. 11, p. 6.)   In their Motion, Defendants note that in response to interrogatories from the Plaintiff, Defendant Woods stated that she told Plaintiff that she would report the toilet problem to maintenance, and that until a part was ordered, the toilet was flushed manually outside of the cell.  (Doc. No. 44-2, p. 1.)  Plaintiff does not dispute this fact in his Response to Defendants' Motion.

Plaintiff also does not allege that any of the Defendants refused to turn on the water (or otherwise arrange to flush the toilet) when asked, and although he states that he filed several grievances about the problem, he does not provide any proof of such.  In a grievance dated November 10, 2013, attached to his amended complaint, Plaintiff complained about medications, but made no mention of the toilet issue.  (Doc. No. 5, p. 7.)  And, he does not dispute that he was moved immediately after Whitfield received the November 13, 2013 grievance from him.  (Doc. No. 51-1, p. 2.)  Finally, unlike several of the cases cited above, Plaintiff never alleges that the contents of the toilet leaked out onto the floor of his cell.

Although the Court finds troubling the fact that Plaintiff could not flush his own toilet, Plaintiff presents no evidence that any of the Defendants acted with deliberate indifference to his health and safety needs.  He does not allege that any of the named Defendants refused his requests to flush the toilet, and he admits that during the fifteen-sixteen day time period the cell was flushed at least five times.  And, he does not allege any personal contact with Johnson, Oliver, and Hughs.  Based on the case law set forth above, and the undisputed facts, the Court finds that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right, or deprived Plaintiff of the "minimal civilized measure of life's necessities."  Revels v. Vincenz, 382 F.3d at 875.

III.    **Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 42) be GRANTED, and Plaintiff's Complaint against Defendants be

DISMISSED with prejudice.

IT IS SO RECOMMENDED this 10th day of October, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE